District Court. All right. You may proceed. Council Thank you, Your Honor. Good morning. May it please court. I'm James Kemp on behalf of the plaintiff appellant Jacqueline Nickler. I'd like to reserve two minutes of my time for rebuttal. We're here today primarily because the district court failed to follow this court's precedent and think at Inc. Info versus Sun Microsystems 368 F. Third 1053 at 1061. This court's case from 2004, which held that dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by an amendment. This court should send a loud and clear message to the district courts that without some specific findings, that there is reason not to allow leave to amend, that leave to amend should be granted, particularly in a case like this. This is a, one of the principal, some of the principal claims are employment discrimination cases where you're given a 90-day right to sue letter from the EEOC or the state agency. And in this particular case, it took four and a half months to get a decision on the motion to dismiss. And by that time, even though the court dismissed it without prejudice, it's too late to bring it back. The court dismissed it without prejudice and entered a judgment that day, and we're left with no option but to come to this court to seek relief, when if the district court had merely provided leave to amend, the issues that the district court seemed to find, the problems that the district court seemed to find with the pleading could have been that the district court's order, this is excerpts of record, pages eight and nine, faulted the plaintiff for not alleging specific facts as to the timeliness. So dismissal without prejudice while saying, well, you haven't alleged enough specific facts as to the timeliness, well, you need to allow us to go back and allege those facts. You need to grant us leave to amend the case and bring forth the information that the  I have one suggestion in the briefing that a specific motion needed to be filed. I don't think that that's correct. When you're dealing with a Rule 12b6 motion, filing a motion, you know, while that motion is pending, to bring a motion to amend with a proposed pleading is like a shot in the dark. It's better to wait, find out what the, what issues the court has, and then address those. I think that's the proper way that this should happen. So what additional facts do you have on timeliness? I mean, aren't the timelines pretty well uncontested in this case? So what would you allege? There are some issues with respect to the state tort claims as to things that took place in terms of our contention that the continuing tort doctrine ought to apply. Ms. Nickler kept going back. During the time period, the facts are end of 2012 and beginning of 2013 when they took away her badging privileges. We allege that they knew that there wasn't a problem, but they shouldn't have done that. That's actually part of the other case where an injunction is being sought. If I could interrupt. Doesn't that rise or fall on the viability of the continuing violation doctrine? That is certainly an issue because the Supreme Court of Nevada has not addressed it. Chief Judge Thomas, the Supreme Court of Nevada has not looked at it one way or the other. There were two cases cited by the District Court that were unpublished orders from the Supreme Court of Nevada. Neither of those take up the issue. Both of them are basically handled under other grounds. There were very brief and fleeting mentions of it. Supreme Court of Nevada has not ruled on that. The District Court made its eerie prediction based on really not much of anything. That's why we suggested in our briefing that perhaps a certified question in the Supreme Court of Nevada under Nevada Rules of Appellate Procedure 5 might be appropriate to have this cleared up because the continuing tort doctrine where Ms. Nickler is going day after day and having her prospective economic interest interfered with by these defendants in their conspiracies with alleged conspiracy to interfere with her, intentionally interfere with her prospective economic advantage. That and her going back and requesting that they stop doing that. I think each time that she goes in and she says, you need to stop doing this. What you're doing here is wrong. It's illegal. You shouldn't be doing this to me. She had lawyers writing letters. She had her superiors in the district attorney's office telling them that they needed to stop doing this and they continually refused to do it. So if those requests are made within the four-year statute of limitations period, I believe that these claims should be timely under the continuing tort doctrine because the cases that we've looked at and some of that we cite in our briefing are like when you're trespassing on your property and you tell them to stop, I don't think it's fair for them to say, well you didn't tell me to stop within the statute of limitations period so now I can just be on your property. It's a continuing and ongoing tort. Every day her economic interests are being interfered with by the conspiracy and by the tortious conduct of these defendants. And so... Let me ask an unrelated question because your time is running down. Do we have the work-share agreement between the EEOC and the commission in the record? It's not in the record. It's well known. It's a standard work-share agreement. So we don't have it in front of us. That's true. It's not in the record, Your Honor. It was not put in the record. But I would point out that the work-share... Did you argue the work-share agreement before the district court? Yes, I'm confident that we did argue that. I looked in your papers and I think you contended you had 300 days, which the district court seemed to accept, but I didn't see any reference to the work-share agreement, how that might alter it. Right. Well, the work-share agreement is only one aspect of this. The other thing is that the district court was looking at a 1999 case from this court, La Quaglia v. Rio Hotel and Casino. And it looked at this full 240-day period and you get an additional 60-day period. All of that was premised on the prior version of NRS 233.160, which provided for a 180-day time limit. There's not... That was changed in 2005. It was amended, so it's 300 days under both state law and federal law. I understand your point on that, but I'm not sure that was... that error was relevant to the district court's decision, but the district court seemed to say, you haven't put in any of these documents sufficient for me to make a judgment on that. Well, they're well-known. In fact, in the La Quaglia case, they referenced the... they directly referenced the work-share agreement between the Nevada Unified Section... Thank you. I don't want to take any more of your time. Okay. But where we have the dismissal without prejudice where the district court is saying, well, you haven't alleged specific facts, we should be granted leave to amend. I mean, that's what this court has said in the... versus microsystems case. So granting leave to amend is something that the district court ought to do unless it makes specific findings as to why it would be inappropriate in this case. With that, I'll reserve my time. Thank you. Thank you, counsel. I understand you each taking five minutes, right? Yes, Your Honor. We are dividing our ten minutes five and five. All right. My name is Cheryl Grahams, Your Honors, and I'm here on behalf of the Defendant Apley Clark County and Ms. Lambertson. And my colleague here from the Nevada Attorney General's Office is here representing Defendant Gerson. We have decided to divide up our time based on the federal claims which run to Clark County, which I will argue, and the state claims which will run to the individual defendants, which my colleague, Mr. Ireland, will argue. And with that, I want to address just a couple things that my colleague, Mr. Kemp, raised in his argument about Finkett. In particular, the holding there is not quite as cut and dry as what he indicates. In fact, it further goes on to say, right at the point where my colleague is quoting, that there do not need to be specific findings if there is an apparent or declared reason that any amendment would be futile. And the district court, Judge Mahan, determined that this would be futile to allow an amendment. This is so because we come back to what is in the four corners of this amended complaint. The plaintiff alleged that she filed an EEOC complaint on a certain date and she alleged that it is timely. She did not allege that she also filed it with the Nevada Equal Rights Commission, which we endearingly call NERC, and she does not allege in her complaint the existence of a work-share agreement. Counsel for the appellant is correct that there are cases out there which discuss the existence of a work-share agreement, which Chief Judge Thomas brought up, but that is not before us. The cases that the appellant cites in their time, or I'm sorry, in their briefing, are cases where the work-share agreement was a matter of record. The cases had reached summary judgment. We here are at a motion to dismiss stage. We look at what's in the complaint, as your honors know. Further... Do you dispute that the 300-day period applies in Nevada? As a matter of law. I'm sorry, your honor. As a matter of law. We dispute that it exists as a matter of law because in this particular instance, we don't know what the work-share agreement says in terms of whether there is an order for which charges or complaints need to be filed. That is to say, under Title VII, it's envisioned that a complaint, in order to expand it from 180 days to 300 days, requires it first to be filed with NERC, but we don't have that here. There are cases out there where the A work-share agreement from other years, not from the year that this was in place, talk about a simultaneously filed charge, but we don't know that to be the case here. Then shouldn't the district court have allowed the plaintiffs to amend their complaint? Plaintiffs did have the opportunity to amend their complaint, and in fact, during the briefing of the motion to dismiss, the plaintiff filed an amended complaint, and that was the complaint that Clark County answered. They did not seek leave to file that amended complaint. They did, but just not consistent with the local rule and the manner consistent with the local rule. So they filed it in the amended complaint that they actually filed, not that they're requesting further leave to file. Those are two that they actually filed. Their original one was August 31st. The second one was in November. That one they're talking about. Can I get this straight? You're saying that because they didn't include the work-share agreement in their allegations in their complaint, the district court was free to disregard it? No, Your Honor. Because the allegations in the complaint did not indicate they filed with NERC. For all we know, the actual charge which they reference, they incorporate by reference into their amended complaint, does not say they filed with NERC. But if that's the purported deficiency on which the district court relied in its timeliness or  goes back to Judge Wardlaw's question on whether that could be appropriately cured by amending the complaint to include those allegations. Your Honor, my time is up. May I ask your question before you? Please. In this particular case, it was very there was no bar to the plaintiff either attaching her EEOC charge to her complaint or specifically alleging in her complaint that she simultaneously filed with NERC. That is what she needed to allege in order to expand it to the 300 days. Your Honor, she did not need to indicate that there was a work share agreement, but she did need that factual allegation. She may have written across it at the top of her EEOC charge that she does not want this filed with NERC. And if that is the case, then it's back to 180 degrees. All right. Counsel, you're over your time. Thank you. Thank you. Good morning, Your Honor. My name is Kiel Ireland. I'm here on behalf of Defendant Stephen Grierson, and I will be addressing the state law claims which are asserted against both individual defendants. We ask that the dismissal of these claims be affirmed, and unless the Court has questions on another topic, I'd like to just briefly address why the question should not be certified to the Supreme Court of Nevada. There are a couple reasons why not. The first is that the plaintiff did not even ask for certification in the district court. The plaintiff only asked for the question to be certified after receiving an adverse decision below, and this Court has held that where a plaintiff asks for certification after receiving an adverse decision, the certification should only be granted where there are quote, particularly compelling reasons why the plaintiff should be allowed a second chance at victory, and there are no such compelling reasons here. The second reason why the question should not be certified is that this is not a case where there's some missing rule in Nevada law, and we don't know how to apply it, we don't know what test to apply, something like that. We have a rule in Nevada. It's the statute of limitations as modified by the discovery rule, and the Supreme Court of Nevada has never adopted any exception besides the discovery rule, so it was quite proper for the district court to apply the rule in the books and not to bring in some innovation that has been recognized by some other jurisdictions in the context of other torts, not in the context of business torts, but in the context of other torts. And the final reason why certification should not be, or why the question should not be certified here is because the district court did analyze whether the continuing violation or continuing tort doctrine would change, would make the plaintiff's claim, state law claims timely, and it found that it would not. So in fact, this question would not even be outcome determinative. In Nevada rule of appellate procedure 5, which governs certification of questions to the Supreme Court of Nevada, requires that the question be determinative to the case. So it would not be proper under Nevada rule of appellate procedure 5 either. And so if the court doesn't have any other questions on the state law claims, I would just ask that they affirm the dismissal. Thank you. Thank you very much, counsel. I'll give you, let's see, you have seven minutes left? No. Why does it say seven? It said 155, I think, when I... Okay, 155. Thank you. Okay. Thank you. Your Honor, with respect to the issue under the federal discrimination claims, I want to point out again that the law is 300 days under Nevada law, and it is simultaneously filed. Nevada law deems it simultaneously filed with the EEOC. The EEOC goes ahead and files I'm sorry, the Nevada Equal Rights Commission simultaneously files with... So let me just cut to the chase on this. If you could file a second amended complaint, could you allege that it was all of these facts in front of the court? Absolutely, Your Honor. Very easily. Okay, so we don't have a handwritten statement on top of the complaint saying I don't intend to file this? No, it's filed with the in fact, it has an EEOC charge number on it. I could attach that to the amended complaint. Yeah, maybe you should have. Counsel, the fact is as far as I can tell from the record, your client didn't file anything with NERC. Correct? No, it's deemed filed with NERC simultaneously. No, no, I understand your theory that it's deemed filed simultaneously. But if I understand the record correctly, your client did not independently file anything with NERC. That's true. I believe that she went directly to the EEOC, so she did not go to NERC's office and file anything with them. But somehow the District Court got the idea that you had said you had filed something with NERC because the District Court says in his opinion, and he may be mistaken, that you've never produced any filing with NERC. So I don't know what the state of the record is, but I'm just saying it's completely unclear except I don't believe, from reading your appellate brief, that you filed anything with NERC and instead you're just relying on the filing with the EEOC as being construed as simultaneously being filed with NERC. Correct? Well, yes. In this area of the law, Your Honor, with respect to the filing of charges where there is this work-sharing agreement and where they do work hand-in-hand and where the state law provides, the filing with the one agency is the same thing because they're I understand the theory, but I'm somewhat sympathetic to the District Court because that's not the theory that was argued for the District Court. Well, it was put before the District Court that we have the 300-day time limit because of the work-sharing agreement because of the nature of 42 U.S.C. section 2000 E-5 E-1 where the time limits are set forth where if you have the state agency If you have the state agency, but you didn't present anything to the District Court on that, so I'm just saying we may not leave to amend or directly to amend but I'm somewhat sympathetic to the District Court because you're making an argument here that you didn't make down there and in fact seem to be making that you would file something with NERC which you didn't. Your Honor, I understand what you're saying but I believe that we did make that argument. I don't have it in the record here because we don't put the entire briefing. I thought that we did make that argument. Usually that's what it would be because if there's a question about the 300 days you talk about the work-sharing agreement, you talk about the simultaneous filing because of the agency relationship, so And just so I'm clear you're saying there is a work-sharing agreement. There is. I have a letter and another case from Nevada Equal Rights Commission where they found probable cause and they said because of our work-sharing agreement we now forward this to the EEOC for them to process. Maybe what the District Court needed was the work-sharing agreement. And that's fine. Again, we can provide all of that. We just needed to be told by the District Court here's what's wrong, here's your opportunity to go and fix it because we've never been given an opportunity to fix the problem that they saw and that's what I believe that is all about. Is giving somebody the opportunity after a motion of dismissal has been filed, if there's something wrong with the pleading that can be corrected, allow them to correct it. And that's what we've been asking for. All right. Thank you very much, Counsel. Nicola Bruce's Clark County is submitted.
judges: Thomas, Wardlaw, Nguyen